**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samuel Junior Leeper,<br><br>        Petitioner/Appellant,<br>vs.<br><br>Dora Schriro, et al.,<br><br>        Respondents/Appellees. | No. CV-06-1521-PHX-PGR<br><br>ORDER DENYING CERTIFICATE<br>OF APPEALABILITY |

In an order (doc. #13) entered on November 3, 2008, the Court adopted the Magistrate Judge's Report and Recommendation and dismissed the petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2254, on the ground that the petition was filed more than nine years after the expiration of the AEDPA's one-year limitations period set forth in 28 U.S.C. § 2244(d)(1). The judgment of dismissal (doc. #14) was entered on November 3, 2008. The petitioner filed his Notice of Appeal (doc. #16) on November 24, 2008.

Pending before the Court is the petitioner's Motion for a Certificate of Appealability (doc. #17), filed November 24, 2008. In his motion, the petitioner states in part that the Court wrongly noted in its order of dismissal that no objections to the Report and Recommendation had been filed. A review of the

record establishes that the petitioner did in fact file his Objections (doc. #15) to the Report and Recommendation prior to the entry of the Court's order of dismissal. The Court was unaware of that fact when it entered its order because the petitioner's Objections to the Report and Recommendation was sent to the Tucson Division of this Court, where it was received on September 22, 2008, but it was inadvertently not forwarded by the Clerk of the Court to the Phoenix Division of this Court for docketing until November 21, 2008.

Having now reviewed the petitioner's Objections to the Report and Recommendation, the Court finds that the existence of the Objections changes nothing as the Court would have made the same ruling had it been aware of the Objections prior to the issuance of its order of dismissal.  The petitioner's contentions that the AEDPA's one-year limitations period is unconstitutional under various provisions of the United States and Arizona Constitutions are legally meritless given that the same type of constitutional challenges have been repeatedly rejected by the federal courts of appeals.  For example, the AEDPA's one-year limitations period does not unconstitutionally suspend the writ of habeas corpus. Green v. White, 223 F.3d 1001, 1003-04 (9th Cir.2000); the provisions of the AEDPA do not violate the Ex Post Facto Clause. Seymour v. Walker, 224 F.3d 542, 560 (6th Cir.2000); Libby v. Magnusson, 177 F.3d 43, 46-47 (1st Cir. 1999); and the AEDPA generally applies to all § 2254 petitions, such as the instant petition, filed after the AEDPA's effective date. Lindh v. Murphy, 521 U.S. 320, 336, 117 S.Ct. 2059, 2068 (1997).  To the extent that the petitioner's Objections go the merits of his habeas petition, those arguments cannot be reached by the Court because the petitioner's habeas petition was untimely filed.

Having reviewed the petitioner's request for a certificate of appealability,

1  the Court finds that no certificate should be issued because the petitioner has
2  failed to make a substantial showing of the denial of a constitutional right. 28
3  U.S.C. § 2253(c)(2).   Therefore,
4      IT IS ORDERED that the petitioner's Motion for a Certificate of
5  Appealability (doc. #17) is denied.
6      DATED this 15th day of December, 2008.

Paul G. Rosenblatt
United States District Judge